Dear Mr. Wagner:
This office is in receipt of your request for an opinion of the Attorney General in regard to licensed firearms dealers who participate at shows to buy and sell firearms. You state you are concerned by the fact that stolen guns are being sold with out the identity of the sellers being reported as is required of "secondhand dealers", thereby preventing recovery of stolen property and the ability to identify the thief.
You ask if Louisiana gun dealers who have a booth at a "gun and knife" show who buy, sell and trade firearms are considered to be "secondhand dealers" and subject to R.S.37:1861.
In accordance with R.S. 37:1861 a "secondhand dealer" is defined as follows:
 Every person in this state engaged in the business of buying, selling, trading in, or otherwise acquiring or disposing of used or second-hand property such as jewelry, silverware, diamonds, pictures, objects of art, clothing, mechanic's tools, carpenter's tools, automobile accessories and supplies, and other such property, is a second-hand dealer. The provisions of this Part shall not apply to the retail jewelry, automobile, furniture, and antique business.
We also find that secondhand dealers are required to make application in writing for a license specifying the street number and house number of the building where the business is to be carried on, R.S. 37:1862, and he shall not "open his place of business before 7 o'clock a.m. nor keep it open after the hour of 7 o'clock p.m.". With a change of location, business is not to be conducted under such license, R.S. 37:1863. These statutes indicate operation at a permanent place of business.
A "transient merchant" is defined as any person engaging temporarily in retail or wholesale sale of goods in the state who, for the purpose of conducting such business occupies any lot, building, room or structure of any kind, R.S. 37:1901, and is required to first obtain a license, R.S. 37:1902. Under R.S.37:1903 the president of the governing authority shall issue to the applicant a license "if satisfied that the business to be conducted by such merchant is not maintained to cheat or defraud the public", after deposit of $10,000 or a bond of that amount.
We find the definition in R.S. 37:1921 for "itinerant vendor" means any person engaging in a temporary business exhibiting merchandise to the public for sale when such vendor does not have a permanent address in this state and does not have a duly appointed agent for service of process; and "merchandise" is defined as a consumer item "new or not previously owned by a consumer". Moreover, R.S. 37:1923 states that this part shall not apply to sales made at "events commonly known as flea markets, stamp shows, trade shows, festivals, fairs or gun shows or to sales of agricultural, seafood, or handcrafted products."
Clearly, transactions at the gun and knife show by Louisiana citizens who hold federal firearm licenses do not fall within the category for an itinerant vendor since that applies to a vendor of new merchandise who does not have a permanent address in this state. Also, the regulations for itinerant vendors are not applicable to fairs, festivals or gun shows.
The gun and knife show is a temporary operation, and we do not believe participants are governed by the laws relative to secondhand dealers. Those statutes clearly reflect they are intended to apply to sales for secondhand goods when operated at a permanent location.
The reasoning in Atty. Gen. Op. No. 88-82 appears applicable wherein it was stated a flea market generally is not a permanent business, and falls in the portion of the statutes dealing with temporary business. As concluded therein, we find a gun show, like the flea market, comes under R.S. 37:1923, and it follows that the statutes for secondhand dealers do not control the transactions.
It appears the state law is silent insofar as requiring recordation of transfers, photographs and daily records of purchases and sales of guns at gun shows as required for secondhand dealers.
We do find under the federal law those persons licensed for the sale and purchase of firearms must keep records while attending gun shows. The Firearm Owners Protection Act amended several provisions of the Gun Control Act to protect the legitimate interests of firearms owners while preserving the necessary statutory foundation for legitimate law enforcement efforts. National Rifle Ass'n v. Brady, 914 F.2d 474 (4th Cir. 1990). Accordingly, 18 U.S.C. § 923(j) makes an exception to the general rule that licensees may only conduct business from their business premises by allowing a licensee to conduct business temporarily at a gun show, but they are bound by the same requirements of recordation.
To apply the requirements of a secondhand dealer such as records and daily reports at a gun show, it appears an amendment in the state law would be necessary, but it appears certain protection is already provided by federal law.
We hope this sufficiently answers your inquiry, but if we can be of further assistance, do not hesitate to contact us.
Sincerely yours,
 RICHARD P. IEYOUB Attorney General
 BY: BARBARA B. RUTLEDGE Assistant Attorney General
BBR/0611f